# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MARK DRUIVENGA, d/b/a
CONTRACT WELDING &
MECHANICAL,

    Third-Party Plaintiff,

vs.

THE HILLSHIRE BRANDS CO.,

    Third-Party Defendant.

No. C 18-4003-MWB

**OPINION AND ORDER REGARDING THIRD-PARTY PLAINTIFF'S MOTION TO REMAND**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ............................................................................. 2*
   *A.   Background ........................................................................... 2*
   *B.   Arguments Of The Parties .................................................... 5*
*II.  LEGAL ANALYSIS ......................................................................... 7*
   *A.   General Standards ................................................................ 7*
   *B.   Discussion ............................................................................ 11*
       *1.   Removal by a third-party defendant ....................... 11*
       *2.   The 30-day limitation ............................................... 14*
       *3.   The one-year limitation ............................................ 15*
*III. CONCLUSION .............................................................................. 18*

Did The Hillshire Brands Company timely remove this action, involving what was originally a third-party claim by Mark Druivenga, d/b/a Contract Welding & Mechanical, against Hillshire, in a state lawsuit originally filed against Druivenga by various insurers, as subrogees of Hillshire? The answer to that question turns on when this action commenced. Did this action commence with the filing of the insurers' original claims against Druivenga in state court, before Druivenga improvidently removed the insurers' case to federal court the first time? If so, then Hillshire's removal of Druivenga's third-party claim, filed after remand to state court, was untimely, as Druivenga contends, because it occurred more than one year after the action originally commenced in state court. On the other hand, did this action commence only with the filing of Druivenga's third-party claim against Hillshire after remand to state court? If so, the removal was timely, as Hillshire contends, because it was just two months after Druivenga filed his third-party claim against Hillshire in the reopened state court case and less than a month after the insurers dismissed their claims, which made the third-party claim removable.

## I.   INTRODUCTION
### A.   Background

The parties agree that two relevant cases were filed in the Iowa District Court for Buena Vista County against either Mark Druivenga or his sole proprietorship, Contract Welding & Mechanical, (collectively and individually, Druivenga) in the aftermath of a fire on March 22, 2014, at Hillshire's turkey processing plant in Storm Lake, Iowa. Vincit Company, L.L.C., a janitorial company, filed the first case against Druivenga on September 17, 2015. On December 30, 2015, Druivenga removed Vincit's case to this

federal court, on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441. Vincit's case became Case No. C 15-4256-LTS in this court. A group of insurers, as subrogees of Hillshire, filed the second case against Druivenga on December 30, 2015. On February 1, 2016, Druivenga removed the insurers' case to this federal court, also on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441. The insurers' case became Case No. C 16-4009-LTS in this court. On May 12, 2016, the two federal cases were consolidated for all further proceedings, with Case No. C 15-4256-LTS as the lead case.

On June 24, 2016, Druivenga, through his then-counsel, sought leave to file a third-party complaint against Hillshire, asserting a negligence claim. That motion was granted on June 28, 2016, and Druivenga's Third-Party Complaint was filed that same day. On August 3, 2016, Druivenga was granted leave to file a *Pro Se* Amended Third-Party Complaint against Hillshire, asserting claims of negligence, breach of contract, and defamation. On September 2, 2016, Hillshire filed a Motion To Dismiss the *Pro se* Amended Third-Party Complaint. On September 15, 2016, Druivenga, through new counsel, voluntarily dismissed his negligence claim against Hillshire, but resisted dismissal of his breach of contract and defamation claims. On April 13, 2017, Chief Judge Leonard T. Strand denied Hillshire's Motion To Dismiss as to Count 2 of the *Pro Se* Amended Third-Party Complaint, the breach of contract claim, but granted the Motion as to Count 3, the defamation claim. After denial of its Motion To Dismiss, Hillshire filed its Answer to the Third-Party Complaint on May 1, 2017.

Shortly after filing its Answer, Hillshire filed a Motion For Summary Judgment on Druivenga's Third-Party Complaint on May 10, 2017. On September 29, 2017, Chief Judge Strand entered a *Sua Sponte* Notice And Request For Briefing, explaining that, in the course of preparing a written ruling on Hillshire's pending Motion For Summary Judgment, it had come to his attention that both consolidated cases might have been

3

improperly removed to this court from state court, because of the "forum defendant rule" set out in 28 U.S.C. § 1441(b)(2), where Druivenga is a citizen of Iowa.[1] After considering the parties' briefing on the matter, Chief Judge Strand entered a Remand Order on October 11, 2017, based on his conclusion that this court lacked subject matter jurisdiction, because the cases had been improvidently removed contrary to the "forum defendant rule." Therefore, he remanded both of the consolidated actions to the Iowa District Court for Buena Vista County, where they had originated.

After remand, the insurers' case was reopened in the Iowa District Court for Buena Vista County, and Chief Judge Strand's Remand Order was filed in that case on October 13, 2017. On October 26, 2017, Druivenga sought leave to file a Third-Party Petition against Hillshire, because his claims against Hillshire had never been filed in the state court action. Druivenga's Motion For Leave To File Third-Party Petition was granted on November 6, 2017, and his Third-Party Petition was filed on November 7, 2017. In his Third-Party Petition, Druivenga asserts a claim of breach of contract against Hillshire. Hillshire filed its Answer to the Third-Party Petition on December 7, 2017, denying Druivenga's third-party claim. On December 14, 2017, the insurers filed a dismissal with prejudice of their claims against Druivenga. The parties agree that this dismissal left Druivenga's third-party claim against Hillshire as the only remaining claim in the state court case. Hillshire argues that the dismissal of the insurers' claims also made

---

[1] The "forum defendant rule" is stated as follows:

> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.,* diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

Druivenga's third-party claim "removable" on the basis of diversity of citizenship between Druivenga, an Iowa citizen, and Hillshire, a Maryland corporation with its principal place of business in Chicago, Illinois. Consequently, on January 9, 2018, Hillshire removed Druivenga's third-party action to this federal court.

On February 2, 2018, Druivenga filed the Motion To Remand now before me, arguing that Hillshire's removal was untimely, because it was more than one year after commencement of this action. On February 16, 2018, Hillshire filed its Resistance. Druivenga filed a Reply on February 23, 2018.

I do not find that oral arguments are likely to be of assistance in the disposition of Druivenga's Motion To Remand. Therefore, the Motion is fully submitted on the parties' written arguments and supporting materials.

### B. *Arguments Of The Parties*

In his opening brief, Druivenga argues that Hillshire's removal of this action is untimely and has caused unnecessary delay. More specifically, he argues that 28 U.S.C. § 1446(c) bars removal more than one year after the lawsuit was originally filed, unless the plaintiff took some bad-faith action to prevent removal. He contends that this limitation applies whether or not the case was originally removable and regardless of any prior attempts at removal. Here, he argues that Hillshire's Notice of Removal, filed January 9, 2018, was filed over two years after the commencement of this action by the insurers in state court and that Hillshire has not alleged that he took any bad-faith actions to prevent removal. For example, he points out that he did not conceal the fact that he was claiming more than $75,000 in damages. He contends that the fact that the insurers' claims were not settled until almost two years after their case was originally filed, making his third-party claim against Hillshire removable, does not change the fact that the action

had been commenced more than a year before Hillshire tried to remove the third-party claim.

Hillshire argues that Druivenga's contention that the pertinent action commenced on December 30, 2015, when the insurers filed their state court action against Druivenga, is wrong. Rather, Hillshire contends that the pertinent action was not commenced until Druivenga filed his third-party claim against Hillshire in the reopened state court action after the first failed removal by Druivenga. Hillshire points out that Druivenga's Third-Party Petition was never pending in state court prior to November 7, 2017. Hillshire argues that, in cases where third-party petitions have been removed, federal courts have held that the one-year limitation period in 28 U.S.C. § 1446(c)(1) begins to run from the time the third-party claim was filed, not from the time the original action was filed. Hillshire also argues that this case did not become removable until December 14, 2017, when the insurers dismissed their claims against Druivenga. Hillshire argues that dismissal had the effect of "severing" the insurers' action from Druivenga's third-party action. At that point, Hillshire argues, Druivenga became a forum plaintiff, and Hillshire became a non-forum defendant. Thus, Hillshire contends that its removal was both within one year of the commencement of the pertinent action and within thirty days of that action becoming removable.

Hillshire also argues that state law, not federal law, determines when a state court action commenced. Hillshire points out that Iowa Rule of Civil Procedure 1.301(1) states that a civil action is commenced "by filing a petition with the court." Thus, Hillshire argues, the third-party action was not commenced until Druivenga filed his Third-Party Petition in state court.

Finally, Hillshire contends that the congressional intent behind the one-year limitation on removal was only to reduce the opportunity for removal after substantial progress had been made in the state court to avoid delay and disruption. Here, Hillshire

6

contends, substantial progress has *not* been made in the state court action, because the removal followed promptly after the filing of Druivenga's Third-Party Petition and the third-party claim becoming removable. More specifically, Hillshire points out that no trial date has been set and no discovery has taken place on the third-party claim in state court. Hillshire contends that there has been nothing like the delay imposed by Druivenga's improper removal of Vincit's and the insurers' actions.

In reply, Druivenga attempts to distinguish the authorities on which Hillshire relies to support its contention that the filing of his Third-Party Petition in state court was the commencement of the pertinent action, because this case did not involve a third-party claim unrelated to the insurers' original claims, but a third-party claim closely-related to the insurers' claims, nor did this case involve multiple third-party petitions. In his reply, Druivenga also argues, for the first time, that even if the filing of his third-party claim was the commencement of the pertinent action, his third-party claim was first filed a year-and-a-half before Hillshire removed the action when he filed his Third-Party Complaint in this court. He also argues that allowing removal time to run from the filing of anything other than the filing of the original claims of the original plaintiff would allow removal very late in the adjudicative process, contrary to the reasons for imposing the one-year limitation.

## II. *LEGAL ANALYSIS*
### A. *General Standards*

Section 1441(a) of Title 28 of the United States Code provides for removal by the defendant or defendants when the action is one over which the federal court would have original jurisdiction, such as, in this case, diversity jurisdiction.[2] Section 1446 sets two

---

[2] Section 1441(a) provides as follows:

limitations on the timeliness of removals. First, § 1446(b) sets a limitation on removal of 30 days from the date of the service of an initial pleading setting forth the removable claim or service of summons, if the initial pleading does not have to be served, or, as pertinent here, "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[3] Second, § 1446(c)

---

**(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be *removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

[3] As pertinent here, § 1446(b) sets the 30-day time limit, as follows:

**(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)** * * *

**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

* * *

sets a separate limitation on removal of "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[4] In turn, § 1447(c) authorizes a motion to remand on the basis of any defect other than subject matter jurisdiction within 30 days after the removal, but, in the case of lack of subject matter jurisdiction, the case may be remanded "at any time."[5]

---

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1)-(3).

[4] As pertinent here, § 1446(c) sets the one-year time limitation, as follows:

**(c) Requirements; removal based on diversity of citizenship.--(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [*i.e.,* diversity] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C.A. § 1446(c)(1).

[5] Section 1447(c), in its entirety, provides as follows:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may

9

As the Eighth Circuit Court of Appeals has explained, "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)). This is true, even when the party opposing removal has moved to remand. *Id.*[6] Thus, here, Hillshire bears the burden of establishing federal subject matter jurisdiction. There does not appear to be any dispute, however, that Druivenga's Third-Party Petition is a matter over which this court would have original diversity jurisdiction pursuant to 28

---

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

[6] I have summarized the principles applicable to removal and remand, as follows:

> (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2 a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus.

*Salton v. Polyock*, 764 F. Supp. 2d 1033, 1035 (N.D. Iowa 2011).

U.S.C. § 1332, where Druivenga is a forum plaintiff and Hillshire is a non-forum defendant. Druivenga does not rely on lack of diversity subject matter jurisdiction as the basis for remand of his Third-Party Petition to state court.

Even though the Eighth Circuit Court of Appeals has recently concluded that the timeliness requirements of § 1446(b) and (c) are procedural requirements, not jurisdictional ones, *see Quintero Cmty. Ass'n, Inc. v. FDIC*, 792 F.3d 1002, 1007 (8th Cir. 2015) (citing *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010)), district courts in this Circuit had previously concluded that the removing party also bears the burden of showing that its removal was timely. *See, e.g., Patrico v. A.W. Chesterton Co.*, No. 4:14CV00338 AGF, 2014 WL 2197779, at *4 (E.D. Mo. May 27, 2014); *Groh v. JPMorgan Chase Bank, N.A.*, No. 14–CV–40–W–DGK, 2014 WL 1687696, at *4 (W.D. Mo. April 29, 2014). Although I do not find that the allocation of the burden is dispositive in this case, for the sake of the analysis, I will allocate the burden of proving the timeliness of removal on Hillshire, the removing party.

### B. *Discussion*
#### 1. *Removal by a third-party defendant*

In his briefing, Druivenga does not challenge Hillshire's right to remove the third-party complaint, only the timeliness of the removal. Nevertheless, it is worth noting that, while there is a split, most Circuit Courts of Appeals have held that, in general, third-party defendants do *not* have a right of removal pursuant to § 1441, because they are not "defendants" in the action. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 n.10 (5th Cir. 2017) (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461–63 (6th Cir. 2002)); *see also Laurelwood Care Ctr., L.L.C. v. Pavlosky*, Case No. 3:17-cv-184, 2018 WL 623584, at *4 (W.D. Pa. Jan. 29, 2018) (citing cases); *but see Waltrous, Inc. v. B.P.T. Air Freight Forwarding, Inc.*, No. 89 C 7900, 1990 WL

43332 (N.D. Ill. Mar. 30, 1990) (seeing no reason to treat a third-party defendant any differently than any other "defendant" under § 1441, and allowing a third-party defendant to remove an action).

More importantly, however, for present purposes, courts recognize at least some exceptions to that general rule.[7] One exception is that third-party defendants sued on a separate and independent claim may remove that independent claim. *See Carl Heck Engineers v. LaFourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980); *see also Texas Bd. of Regents v. Walker*, 142 F.3d 813, 816-18 (5th Cir. 1998) (discussing and applying the "*Carl Heck* exception"). Another exception is when the state court has severed the third-party claim from the principal claim. *See Thibodeaux Family Ltd. P'ship v. Holland*, No. 06-1626, 2006 WL 3899908, at *1 (W.D. La. Nov. 29, 2006) (citing *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970)). Yet another exception is when the principal claims have been settled and voluntarily dismissed, leaving only the remaining third-party claim as removable. *Id.* (citing *Johns Pendleton & Associates v. Miranda Warwick & Milazzo*, No. CIV.A. 02–1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002)); *see also Sun Indus., L.L.C. v. Phoenix Ins. Co.*, Civ. No. 16-172-BAJ-EWD, 2016 WL 6275188, at *5-6 (M.D. La. Sept. 15, 2016) (describing this exception as an extension of the "*Riegel* exception," and also citing *Johns Pendleton*, 2002 WL 31001838).

I am convinced that the "*Riegel/Johns Pendleton* exception" last mentioned, above, is not only appropriate, as a matter of law, but applicable, here. Indeed, nothing in § 1441 expressly states the general rule against removal by a third-party defendant that courts have generally stated. *See Waltrous, Inc.*, 1990 WL 43332 (seeing no reason to

---

[7] There is also a statutory exception, in the case of a third-party action against a foreign state, *see* 28 U.S.C. § 1441(d), but it is not applicable, here.

12

treat a third-party defendant any differently than any other "defendant" under § 1441, and allowing a third-party defendant to remove an action). In my view, reading removal by a third-party defendant as unavailable under § 1441 creates some conflict between subsections (b) and (c) of § 1446. Section 1441(b)(1) refers to the time for removal "of a civil action" as within 30 days after the defendant is served with "a copy of the initial pleading setting forth *the claim* for relief upon which *such action . . . is based*." (Emphasis added). Thus, the reference is not to the "initial pleading setting forth the original claims upon which the original action is based," but to the "initial pleading setting forth the claim" upon which the "action" is based. The initial pleading that sets forth a third-party claim is the third-party petition, so it follows that the pertinent action on which that third-party claim is based is the third-party action. Although § 1446(c) does not refer to commencement of any "claim" upon which the "action . . . is based," for the one-year time limitation on removal, the "action" at issue in the two subsections of the same statute logically means the same thing. *See, e.g., Union Pac. R.R. Co. v. Surface Transp. Bd.*, 863 F.3d 816, 826 (8th Cir. 2017) (recognizing "the principle that a term is presumed to have the same meaning throughout the same statute"). On the other hand, reading "action" in § 1446(c) to mean "the original action by the original plaintiff," without reference to the claim upon which the action is based, would give "action" in that subsection a meaning quite different from the meaning implicit in the language of subsection (b).

Furthermore, the "*Riegel/Johns Pendleton* exception" also does not run afoul of the policy concerns announced in *Shamrock Oil & Gas Co. v. Sheets*, 131 U.S. 100, 108-09 (1941), that a third-party defendant should not be permitted to destroy an original plaintiff's choice of forum. Where the original plaintiff's claims have been settled, the original plaintiff no longer has any interest in the matter, and by removing the remaining third-party claims, the third-party defendant is doing only what it could have done, if the

13

third-party petition had been filed as a separate lawsuit. *Sun Indus.*, 2016 WL 6275188, at *6.

The "*Riegel/Johns Pendleton* exception," allowing third-party defendants to remove the action after settlement of the original plaintiff's claim or claims, is also applicable here. First, the claims of the original plaintiffs, the insurers, were entirely resolved by settlement and dismissed shortly after Druivenga filed his Third-Party Petition against Hillshire in the reopened state court action, leaving no claims pending but Druivenga's third-party claim against Hillshire. *Id*. I conclude that, upon dismissal of the insurers' claims, Druivenga's third-party claim presented precisely the situation addressed in § 1446(b)(3). Specifically, prior to dismissal of the insurers' claims, the case stated by the insurers was not removable, but upon the voluntary dismissal of those claims, the remaining third-party claim became removable on the basis of diversity jurisdiction. The rationale for the last exception also applies here: Hillshire, the third-party defendant is not destroying the choice of forum by the original plaintiffs, the insurers, where the insurers no longer have any interest in the matter, and permitting removal allows Hillshire to do what it could have done, had Druivenga's Third-Party Petition been filed as a separate lawsuit, that is, remove it based on diversity. *Sun Indus.*, 2016 WL 6275188, at *6.

Thus, I conclude that Hillshire was a proper party to remove Druivenga's Third-Party Petition.

### 2. *The 30-day limitation*

Next, Hillshire complied with the 30-day limitation on removal, set forth in § 1446(b), because Hillshire removed Druivenga's Third-Party Petition within 30 days after Hillshire's receipt of the "copy of an amended pleading, motion, order *or other paper*"—here, the dismissal of the insurers' claims—"from which it [could] first be ascertained that the [third-party claim] [wa]s one which is or *ha[d] become* removable."

14

28 U.S.C. § 1446(b)(3) (emphasis added). Assuming that a third-party defendant would not otherwise have the right to remove an action, the dismissal of the insurers' claims left only a claim by Druivenga, an Iowa citizen, against Hillshire, a non-forum defendant, over which this court would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Druivenga does not argue otherwise.

### 3. *The one-year limitation*

Thus, the propriety of removal, here, turns on whether the action was timely removed within one year of its commencement, the limitation set forth in § 1446(c). The meaning of the phrase "commencement of the action" may be "plain" in most cases, that is, as the date on which the action was originally filed, notwithstanding the later addition of defendants on the original claims. *See, e.g., Steighorst v. Jevne*, No. 4:06CV428 HEA, 2006 WL 903244, *1 (E.D. Mo. April 7, 2006). It may be less "plain" in the case of a third-party claim, however, which arises in the context of an action originally instituted by an original plaintiff or plaintiffs, not by the third-party claimant, in which neither the third-party claim nor the third-party defendant was present.

Courts in this Circuit have recognized that, under § 1441, or a companion removal statute for class actions, 28 U.S.C. § 1453, state law determines when an action is "commenced." *See, e.g., Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (removal of a class action pursuant to § 1453); *Doe v. Johnson Cnty. Parks & Rec. Dist.*, No. 08–CV–00507–W–DGK, 2008 WL 11337249, at *2 (W.D. Mo. Sept. 9, 2008) (removal pursuant to § 1441). As one court explained, doing so is "consistent with Congressional intent that removal statutes should be strictly construed to limit federal jurisdiction." *Johnson Cty. Parks & Rec. Dist.*, 2008 WL 11337249, at *2. Indeed, in the Federal Courts Jurisdiction And Venue Clarification Act of 2011, in specifying when amendments would become effective, Congress expressly stated, "For purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal

court shall be deemed to commence on the date the action or prosecution was commenced, *within the meaning of State law*, in State court." Pub. L. No. 112-63, December 7, 2011, 125 Stat. 758 (emphasis added). It is unreasonable to suppose that "commencement of the action" for other purposes of the removal statutes should have a different meaning. Thus, I turn to state law. *See, e.g., Union Pac. R.R. Co.*, 863 F.3d at 826.

As Hillshire points out, Iowa Rule of Civil Procedure 1.301(1) states that a civil action is commenced "by filing a petition with the court." It would follow that the filing of a third-party petition commences the third-party action. Furthermore, Iowa Rule of Civil Procedure 1.246(1) provides that a third-party plaintiff must obtain leave of the court, by motion, to file a third-party petition more than ten days after the filing of the original answer. Here, Druivenga recognized that he required leave of court to file his Third-Party Petition, because he had not filed any third-party petition in the state court within ten days of his original answer to the insurers' petition, so the action based on that claim had not yet been commenced. Leave to file a third-party petition was not granted until November 6, 2017, and Druivenga's Third-Party Petition was filed on November 7, 2017, less than one year—indeed, just over two months—prior to Hillshire's removal of the Third-Party Petition.

I note that no party argued in original briefing of the present motion that the pertinent action commenced with Druivenga's filing of his Third-Party Complaint in this court, prior to Chief Judge Strand's remand of the consolidated actions to state court for lack of subject matter jurisdiction pursuant to the "forum defendant rule." Assuming that I can consider Druivenga's argument, belatedly raised in his Reply, that the third-party action was commenced over a year-and-a-half ago when he filed his Third-Party Complaint in this court, I reject that argument. *See, e.g., Peters v. Woodbury Cty., Iowa*, 979 F. Supp. 2d 901, 969 (ndiw13) ("I ordinarily will not consider new arguments raised for the first time in a reply brief."). I conclude that the filing of Druivenga's

16

Third-Party Complaint in this court is irrelevant, because this court, in fact, never had subject matter jurisdiction over the consolidated cases. Thus, Druivenga's third-party claims and third-party action were not properly initiated until he filed his November 7, 2017, Third-Party Petition in state court, after remand of the consolidated actions against Druivenga by Chief Judge Strand.

I also find unavailing Druivenga's argument that allowing removal time to run from the filing of anything other than the original claims of the original plaintiff would allow removal very late in the adjudicative process, which he contends subverts the reasons for imposing the one-year limitation. To the contrary, I agree with Hillshire's contention that my interpretation serves the purpose of the one-year limitation to reduce the opportunity of removal after substantial progress has been made in state court, to avoid substantial delay and disruption, citing *Yoder v. Williams*, No. 2:16-CV-04229-NKL, 2016 WL 7165723, at *2 (W.D. Mo. Dec. 8, 2016), in turn citing H.R. Rep. No. 889-100 at 72, 1988 U.S.C.C.A.N. at 603233. The one-year limitation and the reasons both parties cite for it are kept intact by my interpretation. The third-party claim must still be removed within one year of the filing of the third-party action, and no more than one-year of proceedings on that third-party claim could have taken place, which is exactly the same situation that would obtain under the one-year limitation applied to any other claim.

In short, I conclude that November 7, 2017, the date that Druivenga filed his Third-Party Petition in state court, is the date on which the pertinent action, Druivenga's third-party action, commenced for purposes of § 1446(c). It is clear that Hillshire's January 9, 2018, removal of Druivenga's Third-Party Petition in the third-party action was within the one-year limitation period in § 1446(c).

### *III. CONCLUSION*

Upon the foregoing, I conclude that Hillshire timely removed Druivenga's Third-Party Petition to this court. Thus, Druivenga's February 2, 2018, Motion To Remand (docket no. 6) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 1st day of March, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA